**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re: SEALS, JIMMY L., JR. § Case No. 15-42193
§
§
§

Debtor(s)

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on 12/15/2015. The undersigned trustee was appointed on 12/19/2016.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of          $          75,766.23

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim distribution | 0.00 |
   | Administrative expenses | 29,892.40 |
   | Bank service fees | 53.45 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]          $ | 45,820.38 |

The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 03/22/2017 and the deadline for filing governmental claims was 03/22/2017. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $5,629.16. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $5,629.16, for a total compensation of $5,629.16[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00 for total expenses of $0.00[2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 06/05/2018            By: /s/ Richard M. Fogel
                                 Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

---

[2]If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (5/1/2011)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Exhibit A
Page: 1

| Case No.: | 15-42193 | Trustee Name: | (330720) Richard M. Fogel |
| --- | --- | --- | --- |
| Case Name: | SEALS, JIMMY L.JR. | Date Filed (f) or Converted (c): | 12/15/2015 (f) |
| | | § 341(a) Meeting Date: | 01/19/2016 |
| For Period Ending: | 06/05/2018 | Claims Bar Date: | 03/22/2017 |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | CARS, VANS, TRUCKS, SPORT UTILITY VEHICLES<br>Chevrolet 1500 Silverado- EXEMPT | 500.00 | 0.00 | | 0.00 | FA |
| 2 | CARS, VANS, TRUCKS, SPORT UTILITY VEHICLES<br>Chevrolet Impala- EXEMPT | 775.00 | 0.00 | | 0.00 | FA |
| 3 | HOUSEHOLD GOODS AND FURNISHINGS<br>Misc used household goods and furnishings (Debtor has 1/2 interest with non-filing spouse)- EXEMPT | 400.00 | 0.00 | | 0.00 | FA |
| 4 | ELECTRONICS<br>3 Televisions, Dvd Player, Computer, Printer, 2 Telephones, Cellphone, Stereo- EXEMPT | 200.00 | 0.00 | | 0.00 | FA |
| 5 | COLLECTIBLES OF VALUE<br>Family Pictures, DVD's, and Books (Debtor has 1/2 interest with non-filing spouse)- EXEMPT | 0.50 | 0.00 | | 0.00 | FA |
| 6 | EQUIPMENT FOR SPORTS AND HOBBIES<br>Treadmill, Exercise Equipment (Debtor has 1/2 interest with non-filing spouse)- EXEMPT | 50.00 | 0.00 | | 0.00 | FA |
| 7 | CLOTHES<br>Personal Used Clothing- EXEMPT | 300.00 | 0.00 | | 0.00 | FA |
| 8 | JEWELERY<br>Wedding Ring, Engagement Ring, 4 Watches, 3 Necklaces, 3 Bracelets, 2 Earrings and Assorted costume jewelry (Debtor has 1/2 interest with non-filing spouse)- EXEMPT | 200.00 | 0.00 | | 0.00 | FA |
| 9 | NON-FARM ANIMALS<br>2 Dogs- INCONSEQUENTIAL VALUE | 0.00 | 0.00 | | 0.00 | FA |
| 10 | BUSINESS-RELATED PROPERTY<br>Hand Tools/Power Tools- INCONSEQUENTIAL VALUE | 50.00 | 50.00 | | 0.00 | FA |
| 11 | DEPOSITS OF MONEY<br>Checking Account with First Midwest Bank- INCONSEQUENTIAL VALUE (Abandoned to debtor when case was originally closed) | 6,000.00 | 3,366.50 | | 0.00 | FA |
| 12 | DEPOSITS OF MONEY<br>Savings Account with First Midwest Bank- INCONSEQUENTIAL VALUE | 0.00 | 0.00 | | 0.00 | FA |
| 13 | NON PUBLICLY TRADED STOCK<br>100% ownership in Jim's Towing & Recovery, Inc.- INCONSEQUENTIAL VALUE | 0.00 | 0.00 | | 0.00 | FA |
| 14 | RETIREMENT OR PENSION ACCOUNTS<br>401(k) plan- EXEMPT | 100,000.00 | 0.00 | | 0.00 | FA |

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Exhibit A
Page: 2

| | |
|---|---|
| **Case No.:** 15-42193 | **Trustee Name:** (330720) Richard M. Fogel |
| **Case Name:** SEALS, JIMMY L.JR. | **Date Filed (f) or Converted (c):** 12/15/2015 (f) |
| | **§ 341(a) Meeting Date:** 01/19/2016 |
| **For Period Ending:** 06/05/2018 | **Claims Bar Date:** 03/22/2017 |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By<br>Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 15 | CLAIMS AGAINST THIRD PARTIES<br><br>Debtor had scheduled a potential worker's compensation claim and claimed a 100% statutory exemption.  Trustee filed report of no distribution and case was closed.  The debtor's claim is actually a FELA action and is only subject to a $15,000 statutory exemption, which has not been claimed by debtor as of this date.  The bankruptcy case was re-opened to administer the FELA action for benefit of debtor's creditors. | 0.00 | Unknown | | 75,766.23 | FA |
| 16 | CARS, VANS, TRUCKS, SPORT UTILITY VEHICLES<br><br>International 1999 4700 Flatbed tow truck in poor condition- EXEMPT | 1,500.00 | 0.00 | | 0.00 | FA |
| 17 | CARS, VANS, TRUCKS, SPORT UTILITY VEHICLES<br><br>Abandoned Vehicles In Debtor's Storage: 1998 Plymouth Breeze, 2002 Jeep Liberty, 1998 Chevrolet Malibu, 1988 Chevrolet Camaro AND 2004 Buick Regal- INCONSEQUENTIAL VALUE | Unknown | 0.00 | | 0.00 | FA |
| 18 | CASH<br><br>Cash on hand- EXEMPT | 25.00 | 0.00 | | 0.00 | FA |
| **18** | **Assets Totals (Excluding unknown values)** | **$110,000.50** | **$3,416.50** | | **$75,766.23** | **$0.00** |

**Major Activities Affecting Case Closing:**

3/31/18- Trustee has been monitoring progress of FELA action, with trial scheduled for 10/28/18.  On 2/26/18, a settlement for $110,000 was recommended at pre-trial conference.  Motion to approve settlement is noticed for 4/19/18.

3/31/17- Case was reopened to administer undisclosed FELA claim.  Trustee employed special counsel and is monitoring the progress of the case.  Written discovery has been completed and depositions are underway.

**Initial Projected Date Of Final Report (TFR):** 12/31/2018      **Current Projected Date Of Final Report (TFR):** 03/29/2019

**Form 2**

Exhibit B

Page: 1

## Cash Receipts And Disbursements Record

| Case No.: | 15-42193 | Trustee Name: | Richard M. Fogel (330720) |
|---|---|---|---|
| Case Name: | SEALS, JIMMY L.JR. | Bank Name: | Rabobank, N.A. |
| Taxpayer ID #: | **-***4774 | Account #: | ******6800 Checking |
| For Period Ending: | 06/05/2018 | Blanket Bond (per case limit): | $5,000,000.00 |
| | | Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 05/07/18 | {15} | Liberty Mutual Insurance Co | Settlement proceeds (after payment of provider liens) per o/c 4-19-18 | 1142-000 | 75,766.23 | | 75,766.23 |
| 05/09/18 | 101 | Hoey & Farina PC | Attorneys' fees per o/c 4-19-18 | 3210-600 | | 27,500.00 | 48,266.23 |
| 05/09/18 | 102 | Hoey & Farina PC | Reimbursement of expenses per o/c 4-19-18 | 3220-610 | | 2,392.40 | 45,873.83 |
| 05/31/18 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 53.45 | 45,820.38 |
| | | **COLUMN TOTALS** | | | **75,766.23** | **29,945.85** | **$45,820.38** |
| | | Less: Bank Transfers/CDs | | | 0.00 | 0.00 | |
| | | **Subtotal** | | | **75,766.23** | **29,945.85** | |
| | | Less: Payments to Debtors | | | | 0.00 | |
| | | **NET Receipts / Disbursements** | | | **$75,766.23** | **$29,945.85** | |

*{ } Asset Reference(s)*　　**UST Form 101-7-TFR (5/1/2011)**　　*! - transaction has not been cleared*

**Form 2**

Exhibit B

Page: 2

## Cash Receipts And Disbursements Record

| | | | | |
|---|---|---|---|---|
| **Case No.:** | 15-42193 | **Trustee Name:** | Richard M. Fogel (330720) | |
| **Case Name:** | SEALS, JIMMY L.JR. | **Bank Name:** | Rabobank, N.A. | |
| **Taxpayer ID #:** | **-***4774 | **Account #:** | ******6800 Checking | |
| **For Period Ending:** | 06/05/2018 | **Blanket Bond (per case limit):** | $5,000,000.00 | |
| | | **Separate Bond (if applicable):** | N/A | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCES |
|---|---|---|---|
| ******6800 Checking | $75,766.23 | $29,945.85 | $45,820.38 |
| | **$75,766.23** | **$29,945.85** | **$45,820.38** |

Page: 1

# Exhibit C

## Exhibit C

**Case: 15-42193**                                    **JIMMY L. SEALS, JR.**

Claims Bar Date: 03/22/17

| Claim No. | Claimant Name/ <Category>, Priority | Claim Type/ Date Filed | Claim Ref | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| FEE | Richard M. Fogel<br>321 N. Clark St. #800<br>Chicago, IL 60654<br><2100-000 Trustee Compensation><br>, 200 | Administrative<br>06/05/18 | | $5,629.16<br>$5,629.16 | $0.00 | $5,629.16 |
| SURPLUS | SEALS, JIMMY L., JR.<br>1902 TERRACE ROAD<br>HOMEWOOD, IL 60430<br><8200-000 Surplus Funds Paid to Debtor Section 726(a)(6)><br>, 650 | Unsecured<br>06/05/18 | | $0.00<br>$26,974.63 | $0.00 | $26,974.63 |
| 1 | Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595<br><7100-000 Section 726(a)(2) General Unsecured Claims><br>, 610 | Unsecured<br>12/30/16 | | $6,699.31<br>$6,699.31 | $0.00 | $6,699.31 |
| 1I | Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595<br><7990-000 Surplus Case Interest on Unsecured Claims (including priority)><br>, 640 | Unsecured<br>06/05/18 | | N/A<br>$125.10 | $0.00 | $125.10 |
| 2 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083<br><7100-000 Section 726(a)(2) General Unsecured Claims><br>, 610 | Unsecured<br>01/13/17 | | $6,275.00<br>$6,275.00 | $0.00 | $6,275.00 |
| 2I | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083<br><7990-000 Surplus Case Interest on Unsecured Claims (including priority)><br>, 640 | Unsecured<br>06/05/18 | | N/A<br>$117.18 | $0.00 | $117.18 |

**Case Total:**        **$0.00**        **$45,820.38**

**UST Form 101-7-TFR (5/1/2011)**

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 15-42193
Case Name: JIMMY L. SEALS, JR.
Trustee Name: Richard M. Fogel

**Balance on hand:**   $             45,820.38

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors:   $        0.00
Remaining balance:   $    45,820.38

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Richard M. Fogel | 5,629.16 | 0.00 | 5,629.16 |

Total to be paid for chapter 7 administrative expenses:   $     5,629.16
Remaining balance:   $    40,191.22

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:   $        0.00
Remaining balance:   $    40,191.22

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

UST Form 101-7-TFR(5/1/2011)

|  | Total to be paid for priority claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 40,191.22 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $12,974.31 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Cavalry SPV I, LLC | 6,699.31 | 0.00 | 6,699.31 |
| 2 | Capital One Bank (USA), N.A. | 6,275.00 | 0.00 | 6,275.00 |

|  | Total to be paid for timely general unsecured claims: | $ | 12,974.31 |
|---|---|---|---|
|  | Remaining balance: | $ | 27,216.91 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

|  | Total to be paid for tardily filed general unsecured claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 27,216.91 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

|  | Total to be paid for subordinated claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 27,216.91 |

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.71% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $242.28. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

**UST Form 101-7-TFR(5/1/2011)**

The amount of surplus returned to the debtor after payment of all claims and interest is $26,974.63.

**UST Form 101-7-TFR(5/1/2011)**